# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-00235-02 |
| v. | (Chief Judge Brann) |
| VINAYKUMAR PATEL, | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 18, 2024

## I. BACKGROUND

### A. Procedural Background

Defendant Vinaykumar Patel ("Patel") was arrested on a criminal complaint on August 2, 2021[1] and subsequently indicted, along with co-defendants Rohitkumar Patel, Jeel Patel, and Tapan Trivedi.[2] The Indictment charged Patel with five offenses: Conspiracy to Commit Mail Fraud (Count 1); Mail Fraud (Count 2); Conspiracy to Make False Statements about Visas and Health Care Matters (Count 5); Visa Fraud (Count 6); and False Statements Relating to Health Care Matters (Count 10).[3] Upon a motion for bail, Patel was released pending trial on August 24, 2021.[4] Two of Patel's co-defendants, Rohitkumar Patel and Jeel Patel, pleaded

---

[1] Crim. Compl. as to R. Patel and V. Patel, Doc. 2.
[2] Indictment, Doc. 18.
[3] *Id.*
[4] Ord. Setting Conditions of Release, Doc. 41.

guilty to Count 5,[5] and Patel and Trivedi, charged with identical offenses, proceeded to trial, which began on December 4, 2023.

At the close of the Government's case-in-chief, both Patel and Trivedi made motions under Rule 29 of the Federal Rules of Criminal Procedure in which Patel sought dismissal of Counts 5 and 10 and Trivedi sought dismissal of all the Counts against him. The Court denied Patel's motion and granted Trivedi's motion.[6] On December 6, 2023, a jury found Patel guilty on all counts and the Court ordered Patel detained pending sentencing.[7]

On December 20, 2023, Patel filed motions for a new trial and to vacate the detention order.[8] The motions are briefed and ripe for disposition.[9]

B. **Relevant Factual Background**

At trial, the Government argued that Patel and his co-defendants executed a scheme to stage a robbery at a gas station in Lock Haven, Pennsylvania.[10] Patel, through Rohitkumar Patel, engaged Terrance Summers to stage a fake robbery of the Fuel On gas station in Lock Haven, Pennsylvania which Patel managed. Patel, Jeel Patel, and Trivedi, all present at the gas station at the time it was robbed by

---

[5] R. Patel Plea, Doc. 131; J. Patel Plea, Doc. 136.
[6] Trivedi J. of Acquittal, Doc. 188.
[7] Verdict, Doc. 193; Ord. of Detention, Doc. 196.
[8] Mot. to Vacate ("MTV"), Doc. 198; Mot. for New Trial ("MNT"), Doc. 200.
[9] MTV Br., Doc. 199; MTV Opp., Doc. 205; MNT Br., Doc. 201; MNT Opp., Doc. 204. Patel did not file Reply briefs.
[10] For ease of discussion, the Court will refer to the robbery, which the jury necessarily found had been staged, as a robbery. This should not be understood as the Court accepting Patel's version of events.

Summers, then posed as victims for the purpose of submitting false and fraudulent I-918 petitions for U-Visa status.[11] As part of the U-Visa process, Patel then made false statements—that he suffered pain, injury, trauma, and anxiety because of the robbery—in connection with the delivery of health care services at Susquehanna Health Medical Group.

## II.   MOTION FOR NEW TRIAL

Federal Rule of Criminal Procedure 33 provides that, [u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[T]he decision whether to grant a new trial or a hearing on [a Rule 33] motion rests in the district court's discretion."[12] "Such motions are not favored and should be 'granted sparingly and only in exceptional cases'"[13] where "there a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted."[14]

Patel advances two arguments in his Motion for a New Trial: (1) that the Court erred in permitting lay opinion testimony by Pennsylvania State Police Sergeant Jon

---

[11] "The U nonimmigrant status (U visa) is set aside for victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity." USCIS, *Victims of Criminal Activity: U Nonimmigrant Status* (Mar. 20, 2023), https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status.

[12] *U.S. v. Noel*, 905 F.3d 258, 270 (3d Cir. 2018) (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984)).

[13] *U.S. v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of Virgin Islands v. Derricks,* 810 F.2d 50, 55 (3d Cir.1987)).

[14] *Id.* (quoting *United States v. Johnson,* 302 F.3d 139, 150 (3d Cir.2002)).

Wooster as to whether the robbery at the Fuel On was staged and (2) that the Court erred when it denied Patel's Rule 29 motion.[15]

### A. Lay Opinion Testimony

Sergeant Wooster led the investigation into the robbery of the Fuel On that resulted in the arrest of Terrance Summers. Wooster testified that, as the investigation progressed and he also learned of the FBI's investigation into the circumstances of the purported robbery, he came to believe that the robbery was staged. During Wooster's testimony, Patel objected to Wooster offering such an opinion. Patel now renews his objection, arguing that "permit[ting] the sergeant who was doing the investigation to express his conclusion to the jury clearly usurped the jury's function and role in being the fact finder."[16]

Federal Rule of Evidence 701 limits the opinion testimony of a lay witness to that which is "rationally based on the witness's perception [and] helpful to clearly understanding the witness's testimony or to determining a fact at issue." The United States Court of Appeals for the Third Circuit, as well as other Courts of Appeals, has upheld the admissibility of lay witness testimony of investigators "so long as the testimony is helpful and rationally based on the investigator's perception of information reviewed."[17]

---

[15] MNT Br. Section II.
[16] *Id.* at 3.
[17] *U.S. v. Salgado*, No. 22-1878, 2023 WL 1097765 (3d Cir. Jan. 30, 2023) (citing *United States v. Leo*, 941 F.2d 181, 193 (3d Cir. 1991); *United States v. Jayyousi*, 657 F.3d 1085, 1102–03

Wooster's testimony was not merely that of a lay witness offering an opinion. Wooster's belief that the robbery was staged was part of the factual basis for why his investigation was closed and why Summers, despite having been arrested, was not charged with a crime. For his part, Patel made much of Summers, a career criminal, having managed to avoid any charges for his role in the robbery. He suggested that Summers' account that the robbery was a farce—an account he offered to law enforcement and during trial—was the real ruse and one which he relied upon to avoid repercussions for his own unlawful conduct. He elicited testimony that Summers avoided charges, at least in part, due to his cooperation with the FBI.

Patel effectively argues that the Court should have permitted him to advance various hypotheses for why Wooster's investigation did not progress and result in a prosecution of Summers for the robbery of the Fuel On, but not allowed Wooster himself to state why the investigation was closed. This argument is not well taken. Nor is Wooster's testimony inconsistent with Patel's theory, which is that Summers sold law enforcement a false bill of goods to keep himself out of prison. Even if the Court assumes that Patel's theory of the case is correct, that Wooster believed that the robbery was staged merely shows that Wooster accepted Summers' story—not

---

(11th Cir. 2011); *United States v. Rollins*, 544 F.3d 820, 830–33 (7th Cir. 2008)). *See also Acosta v. Central Laundry, Inc.*, 273 F. Supp. 3d 553, 557 (E.D. Pa. 2017) (investigator's experience and "extensive investigation of the facts of this case satisf[ied] the particularized knowledge required to testify as a lay witness under 701(a)).

that the robbery was in fact staged. To that end, the Court instructed the jury that Wooster's opinion was only entitled to "whatever weight [the jury] think[s] appropriate, given all the other evidence in the case."[18] If the jury was persuaded by Patel's version of events, it was free to reject Wooster's opinion. Thus, the admission of Wooster's testimony did not usurp the jury's function and role as fact finder.

Relatedly, even if it was error to admit Wooster's testimony, such error was harmless.[19] Clinton County District Attorney David Strouse also testified regarding the decision not to prosecute Summers. Patel's co-defendant Rohitkumar Patel and Summers both testified that Patel, through Rohitkumar, hired Summers to stage the robbery.[20] Phone records showed Patel and Rohitkumar repeatedly calling each other, including shortly prior to and following the robbery. The robbery itself was recorded by security cameras at the Fuel On and the footage was played for the jury. The Government introduced ample other evidence through which the jury could find that the robbery bad been staged.

---

[18] Jury Instr., Doc. 195 at 9.

[19] *See U.S. v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996) (erroneous admission of unhelpful testimony under Rule 701(b) was harmless where there was overwhelming circumstantial evidence independently supported that to which witness opined).

[20] The Court notes that the testimonies of Rohitkumar Patel and Summers were riddled with inconsistencies and that neither were particularly credible witnesses. If the combined testimony of these two witnesses was the only other evidence, it may have warranted a different outcome. *See Silveus*, 542 F.3d at 1004 ("[W]hen a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case.") (quoting *Johnson*, 302 F.3d at 150). However, that is not the case here.

Finally, as discussed above, the jury could have also concluded from the fact that Summers had not been prosecuted, despite being arrested for the robbery that law enforcement had, at a minimum, concluded there was not sufficient evidence that Summers had committed a crime. Wooster and others testified that Summers had been identified as the individual who had purportedly robbed the Fuel On via a DNA sample that he left when he leaned over the counter. Security footage captured the moment that Summers came into the Fuel On, leaned over the counter, and took money from the register. Patel also did not dispute that Summers was the individual who robbed the Fuel On. Thus, by all accounts Pennsylvania State Police had their guy and yet no criminal charges were brought. Even if Wooster had not testified that he believed that the robbery was staged, the jury could have easily reached that conclusion—that Wooster believed it was staged, if not that it was in fact staged—based on the mere fact that his investigation did not result in any criminal charges for the purported robber.

B.   **Rule 29 Motion**

Patel also asks the Court to reconsider its denial of his Rule 29 motion challenging the sufficiency of the evidence regarding Count 5, Conspiracy to Commit Fraud and Make False Statements About Visas and Health Care Matters, and Count 10, False Statements Relating to Health Care Matters. "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion

it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case."[21]

To find Patel guilty of Count 10, the jury was instructed that the Government must have proved "each of the following five elements beyond a reasonable doubt:

> First: That the Defendant made a statement or representation in a matter involving a healthcare benefit program;
>
> Second: The statement or representation was in connection with the delivery of healthcare benefits, items or services;
>
> Third: The statement or representation was material to the health care benefit program;
>
> Fourth: The statement or representation was false, fictitious, or fraudulent; and
>
> Fifth: The defendant made the statement knowingly and willfully.[22]

Patel suggests that "[w]hat the Government is seeking to do is claim that the robbery was staged and therefore, any statements concerning healthcare were fraudulent and false."[23] He also suggests that, more fundamentally, the Government failed to show that any statements were made and that, if they were made, they were made in connection with the attempt to obtain healthcare services.[24]

The Government introduced into evidence documents Patel attached in support of his U-Visa application, which included records from Susquehanna Health

---

[21] *Id.*
[22] Jury Instr. 36.
[23] MNT Br. 5.
[24] *Id.* 6.

8

Medical Group that Patel had been suffering from anxiety and unable to sleep since the robbery and that he was prescribed medication for anxiety.[25] These records are plainly sufficient to show that Patel made statements which were in connection with the delivery of healthcare services.

In denying Patel's Rule 29 motion, the Court found that, if the jury was persuaded that the robbery was staged and that Patel was aware of that fact, it could conclude that statements made to a doctor regarding symptoms of mental distress stemming from that robbery were fabricated. The jury necessarily rejected the premise of Patel's argument—that the robbery was not staged—which supports the inference that the statements were false. Nothing in Patel's motion gives the Court cause to reconsider its prior ruling.

Therefore, the Court will deny Patel's motion for a new trial.

### III.   MOTION TO VACATE DETENTION ORDER

After the return of the jury's verdict, the Court ordered that Patel "shall be held in custody pending sentencing pursuant to 18 U.S.C. § 3143(a)(1)"[26] which states in relevant part that:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger

---

[25]  *See generally* Ex. 2.2 at 9-17.
[26]  Ord. of Detention. ¶ 1.

9

to the safety of any other person or the community if released under section 3142(b) or (c).[27]

The parties agree that a term of imprisonment will likely be recommended under the advisory guidelines.[28] Therefore, the Court is required to order that Patel be detained unless there is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, or he has filed an appeal which is likely to result in reversal, a new trial, or a sentence that does not include a term of imprisonment.[29] As there is no appeal currently pending, let alone one which is likely to be successful, Patel is not eligible for release pending a such an appeal.[30]

Further, Patel's suggestion that he should be released pending sentencing because "there is no clear and convincing evidence that he is likely to flee or pose a danger to the safety of any other person or the community" misstates the law.[31] Having been convicted by a jury of his peers, it is Patel's burden to show by clear and convincing evidence that he does not pose a risk of flight or danger, not the Government's to show that he does pose such a risk.

Therefore, the Court will deny Patel's motion to vacate the detention order.

### IV.   CONCLUSION

---

[27] 18 U.S.C. § 3143(a)(1).
[28] MTV ¶ 16; MTV Opp. ¶ 10.
[29] *U.S. v. Banks*, No. 21-3190, 2022 WL 444262 at *2 (3d Cir. Feb. 14, 2022) (citing 18 U.S.C. § 3143(b)(1)).
[30] *U.S. v. Reynolds*, 447 F. App'x 298, 301 (3d Cir. 2011).
[31] MTV Br. ¶ 17.

For the foregoing reasons, the Court will deny Patel's motions.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
