IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO.: 4:21-CR-00235 |
| vs. | : |
| | : (Chief Judge Brann) |
| VINAYKUMAR PATEL, | : |
| Defendant | : |

**DEFENDANT, VINAYKUMAR PATEL'S SENTENCING MEMORANDUM AND MEMORANDUM IN SUPPORT OF OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

## I. PROCEDURAL HISTORY

Defendant, Vinaykumar Patel, was initially arrested on a criminal complaint on August 2, 2021 and charged with Conspiracy to Commit Mail Fraud and related offenses. Subsequently, on August 12, 2021, Defendant was indicted by a Grand Jury sitting in the United States District Court for the Middle District of Pennsylvania.

The Indictment charged Conspiracy to Commit Mail Fraud, Mail Fraud as well as Conspiracy to Commit Mail Fraud, and False Statements about Visas and Healthcare Matters.

Defendant appeared for trial in the United States District Court for the Middle District of Pennsylvania before Chief Judge Brann and a jury commencing on December 4, 2023. On December 6, 2023, the jury returned a verdict of guilty on all counts.

Following the jury verdict, Chief Judge Brann revoked Defendant's release order and Defendant has been incarcerated since December 6, 2023.

Counsel for Defendant subsequently filed a motion for a new trial as well as a motion to vacate the detention order. Both motions were denied.

A presentence report was prepared on behalf of the Defendant by the United States Probation Office for the Middle District of Pennsylvania. Counsel filed objections to the report challenging the four point enhancement for his role in the offense. The Government subsequently responded as well and the probation office modified the report to add two points as opposed to four points. That issue remains outstanding.

Defendant is scheduled for sentencing on April 17, 2024.

## II.  OUTSTANDING OBJECTIONS TO PRESENTENCE REPORT

While Defendant requested several objections to the Presentence Report, there is only one outstanding objection that would in any way affect the calculation of the sentencing guidelines. Specifically, counsel for Defendant initially objected to paragraph 27 wherein the probation office gave a four point enhancement for Defendant's role in the offense. Subsequently, the Government responded and the report was modified to provide for a two point enhancement. The modified report reflects that Defendant organized the criminal plan by hiring Rohitkumar Patel to coordinate a staged robbery. The report further indicates that the Defendant met

2

with the robber prior to the staged armed robbery and provided directions as well as a fake firearm.

While the jury concluded that the Defendant was guilty of the offenses, there is no evidence presented at trial that Defendant hired Rohitkumar Patel to coordinate the staged robbery. There was no testimony from Rohitkumar Patel that he was paid, or in any way, hired to organize this staged robbery.

According to the application notes under U.S.S.C. §3B1.1 (note 4), the Court should consider factors including exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, as well as the degree of control and authority Defendant would have exercised over others.

While there is no dispute that the Defendant was the manager of the store, there is no evidence to establish that Defendant, in any way supervised or directed the Defendants or un-indicted co-conspirators.

In United States v. DeGiovanni, 104 F.3d 43, 46 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit held that in order to qualify as a supervisor, there must be some degree of control over others involved in the commission of the offense. The Government is unable to establish that this Defendant had any control over others involved in the offense itself and therefore, the two point enhancement is not warranted.

While it is not critical to an analysis of the calculation of the guidelines, Defendant disputes that the sale or possession of tobacco product without paying

3

tax should not be attributable to him. Defendant supplied probation with documentation indicating that offense would have been against the limited liability company that owned and operated the store as opposed to him personally. As stated, it will not affect the guidelines but it does reflect the character of the Defendant considering the Government contends that he never reported it.

In the event this Honorable Court grants Defendant's objections to the enhancement, Defendant's guidelines have a criminal history category of I and an offense level of 11 providing for an 8 to 14 month advisory range.

### III. APPLICATION OF 3553(a) FACTORS

18 U.S.C. §3553(a) directs the sentencing court to impose a sentence "sufficient but not greater than necessary to comply with the purposes of sentencing". The Court may consider, without limitation, information concerning the background, character and conduct of the person for the purpose of imposing the appropriate sentence. Booker, 125 S.Ct. at 760 (quoting 18 U.S.C. §3661).

Under 18 U.S.C. §3661, there is no limitation on the information concerning the background, character and conduct of the Defendant which the Court may receive and consider for the purposes of imposing an appropriate sentence. The Court may consider such various factors as the defendant's age, educational background, vocational skills, mental or

4

emotional conditions, drug or alcohol dependence, as well as a lack of guidance as a youth. See U.S.S.G. §5H.1.

This is Defendant's first contact with the criminal justice system. Defendant came to this country looking for a better life for himself and his family. He is 34 years of age, married and a father of two children, both of whom were born in the United States.

As was noted during the trial, Defendant had applied for asylum well in advance of the allegations in this case. The fact that the asylum application/petition has not been decided reflects how poor the immigration system operates.

Vinay started off as a clerk at one of the stores owned by a friend from India. From those humble beginnings, he has worked his way up to owning or co-owning ten businesses as well as accumulating investments and real property. As noted in the letters of support, he is a person who wants to give back to the community. He has sponsored and organized various events to help the community.

The letters of support describe him as an individual willing to help those in need. His wife, Falguni, describes him as a good father, good son and good husband.

Unfortunately, regardless of the sentence imposed by this Honorable Court, it is likely this Defendant will be detained by ICE and will face deportation.

Counsel has discussed this matter with an immigration attorney that has been retained by Defendant and, in all likelihood, there is very little chance of remaining in this country.

Counsel has been advised that it is unlikely that the Defendant would be released on any sort of bond following his sentence being served.

This conviction has not only had an effect on Defendant but also on his wife and little girls. As Falguni Patel indicates in the Presentence Report, prior to his conviction Vinay did everything for the family and allowed her time to focus on raising their children.

Since his incarceration, Falguni has taken responsibility to not only raising the children but also operating the various businesses.

As stated earlier, Defendant has been incarcerated since December 6, 2023 but does have credit for 14 days from August 10, 2021 to August 24, 2021 as well. Pursuant to U.S.S.G. §5B1.1(b), Defendant is entitled to a sentence of probation as his sentencing guideline range would be in Zone B. He would have at least four months of time credit.

It is unclear whether any sentence imposed would prevent deportation. The potential deportation in and of itself would act as a deterrence to any crimes by this individual in the future.

Based upon the Presentence Investigative Report as well as the letters of support provided to the Court, it is clear that the behavior in this case was an aberration. This is a young man who started multiple businesses, pays taxes to the United States, bought a home and is raising two children and faces continued incarceration and deportation. It is unfortunate that Defendant is in this position.

## IV. **CONCLUSION**

For the reasons set forth above, Defendant, Vinaykumar Patel, respectfully requests this Honorable Court consider a period of probation as an appropriate sentence in this matter.

Respectfully submitted,

By: __/S/ Robert A. Hoffa__
    Robert A. Hoffa
    Attorney I.D. No. 36715
    Attorney for Defendant Patel
    602 Pine Street
    Williamsport, PA 17701
    Telephone No. (570) 326-2401
    Fax No. (570) 326-3498
    Email: rhoffa@campanalaw.com